UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
CHARLOTTE THOMAS,                                   Civil Action No.: 12 CV 2854

                Plaintiff,

   - against -

COACH USA TOUR INC. and
TWIN AMERICA, LLC.,

                Defendants.
-------------------------------------------------------------------x

### DEFENDANTS, COACH USA TOUR INC. AND TWIN AMERICA, LLC'S, FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, Defendants COACH USA TOUR INC. and TWIN AMERICA, LLC. (hereinafter "Defendants") hereby requests that Plaintiff answer the following Interrogatories and Requests for Production of Documents (collectively "Discovery Requests") in accordance with the aforementioned rules, within thirty (30) days of service of same.

### DEFINITIONS

**Communication.** The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

**Document.** The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

**Identify (with respect to persons).** When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last know address and when

referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

**Identify (with respect to documents).** When referring to documents, "to identity" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

**Parties.** The terms "Plaintiff" and "defendants", as well as a party's full or abbreviated name or a pronoun referring to a party, mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

**Person.** The term "person" is defined as any natural person or any business, legal or governmental entity or association.

**Concerning.** The term "concerning" means relating to, referring to, describing, evidencing or constituting.

The following rules of construction apply to all discovery requests:

**All/Each:** The terms "all" and "each" shall be construed as all and each.

**And/Or:** The connectives "and" or "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

**Number:** The use of the singular form of any word includes the plural and vice versa.

## **INTERROGATORIES**

1. State Plaintiff's present residence address.

2. State Plaintiff's date of birth.

3. State Plaintiff's social security number.

4. State the date and approximate time of day of the occurrence alleged in the complaint.

5. State the approximate location of the happening of the occurrence in sufficient detail so as to permit accurate identification of such location.

6. Set forth a general description of the occurrence together with identification of the parts of any instrumentality involved in said occurrence.

7. Set forth a general statement of the acts or omissions of the Defendants constituting any negligence claimed.

8. a. State the traffic controls, if any, that Plaintiff will claim existed at the scene.

    b. State what traffic controls, if any, it will be claimed the Defendants violated.

9. Set forth in what respect Plaintiff sustained a serious injury as defined in subdivision (d) of § 5102 of the Insurance Law, or economic loss greater than basic economic loss, as defined in subdivision (a) of § 5102 of the Insurance Law.

10. Set forth a statement for the Plaintiff of any injuries claimed to have resulted from the occurrence including the approximate date of the onset of symptoms of each of the injuries claimed.

11. Set forth a description of those injuries claimed to be permanent.

12. The length of time that Plaintiff was confined to bed or home as result of the occurrence, with dates of confinement.

13. State the length of time that Plaintiff was confined to a hospital or other health care facility, as a result of the occurrence with the name and address of each such hospital or facility and the dates of admission and discharge.

14. State the date(s) Plaintiff received treatment at any hospital, out-patient department or clinic with the name and address of each such hospital or clinic.

15. State the occupation of Plaintiff at the time of the occurrence including the name and address of each employer for the five (5) years preceding the occurrence and Plaintiff's job title and annual earnings for each of said five years.

16. Set forth the length of time Plaintiff was totally disabled, as a result of the occurrence including specific dates.

17. Set forth the length of time Plaintiff was partially disabled, as a result of the occurrence including specific dates.

18. Set forth the total of special damages incurred to date for Plaintiff and, where applicable, amounts reimbursed by "no-fault" and/or "Workers Compensation" to date, with regard to the following:

    (a) Physician's services, including the name and address of each physician who treated Plaintiff for the injuries claimed to have been caused by or aggravated by the occurrence.

    (b) Medical supplies, including a description of each item and the name and address of the supplier from whom such supplies were purchased.

    (c) Loss of earnings, including the dates Plaintiff missed from work and the manner in which said loss is computed.

    (d) Hospital expenses and clinic charges.

    (e) X-rays, other than those for which charges was included in hospital expenses.

    (f) Nurses' services, other than those for which charges was included in hospital expenses.

    (g) All other items of special damage.

19. Set forth by Chapter, Article, Section and Paragraph each statute, ordinance, rule or regulation, if any, which it is claimed the Defendants violated.

20. Set forth the names and addresses of all witnesses to the occurrence or to the facts and circumstances surrounding it known to the Plaintiff, her attorneys or representatives.

21. State the nature and extent of any services allegedly lost.

22. State whether any part of the cost of medical care, dental care, custodial care, rehabilitation services, loss of earnings, or other economic loss sought to be recovered herein, was replaced or indemnified, in whole or in part, from any

collateral source, such as insurance, social security (except those benefits provided under Title 18 of the Social Security Act), workmen's compensation, or employee benefit programs and, if so, the full name and address of each organization or program (and policy or other identifying number, if applicable) providing such replacement or indemnification, together with an itemized statement of the amount of each such item of economic loss that was replaced or indemnified by each such organization or program.

23. State the name and address (and policy or other identifying number, if applicable) and statement of itemization of each such organization or program to which a claim for reimbursement has been made but not yet been paid or with regard to which Plaintiff reasonably anticipates in the future making a claim for reimbursement.

**PLEASE TAKE FURTHER NOTICE**, that in the event Plaintiff fails to comply with the foregoing demand within thirty (30) days, the undersigned Defendants will move to preclude the offering of any evidence as to the matters herein demanded, together with the costs of such application.

## DOCUMENTS TO BE PRODUCED

1. All documents relied upon in answering Defendants' First Set of Interrogatories to Defendant.

2. All documents or reports prepared by experts identified by you in Defendants' First Set of Interrogatories to Plaintiff.

3. All documents that refer or relate to the claims set forth in Plaintiff's Complaint.

4. All photographs, reports and/or statements, including any police, fire, or third party report, relating or referring to the allegations that are the subject of Plaintiff's Complaint.

5. All documents you intend to use or may use at the trial of this matter.

6. Copies of any statements given by any party (other than attorney-client protected statements) or witness with regard to any matter related to the allegations in the Complaint.

7. Duly acknowledged and executed written authorizations permitting Defendants to obtain Plaintiff's complete personnel file and other records pertaining to Plaintiff's employment as of 2010 to present.

8. Duly acknowledged and executed written authorizations permitting Defendants to obtain all hospital and physicians' medical records and reports relating to the medical care and treatment of Plaintiff as of 2010 to present.

9. Copies of any accident reports pertaining to the accident at issue.

10. Duly executed and acknowledged written authorizations directed to any hospital, clinic or other health care facility in which the injured Plaintiff herein is or was treated or confined due to the occurrence set forth in the Complaint so as to permit the securing of a copy of the entire hospital record or records including X-rays and technicians' reports.

11. Duly executed and acknowledged written authorizations to allow these Defendants to obtain the complete office medical records relating to Plaintiff of each health care provider identified in (10) above.

12. Copies of all medical reports received from health care providers identified above.

13. Duly executed and acknowledged written authorizations to allow these Defendants to obtain complete pharmacy or drug store records with respect to any drugs prescribed to Plaintiff from one (1) year prior to the occurrence described in the complaint to the present date.

14. Duly executed and acknowledged written authorization to allow these Defendants to obtain Plaintiff's no-fault records and/or any other collateral source records.

15. Authorizations or copies of the IRS records or income tax returns filed by Plaintiff and the W2 forms received and filed with the United States Federal Government, New York State Government and the New York City Government or IRS for the years 2006 to present.

16. All documents required to be produced pursuant to FRCP 26 (a).

This is a continuing request for production of documents, and any additional records received by Plaintiff should be forwarded to Defendants.

Dated: New York, New York
April 23, 2012

                      Respectfully submitted,

                      GALLO VITUCCI KLAR LLP

By: _____
      HEATHER C. RAGONE, ESQ. (8757)
      *Counsel for Defendants*
      90 Broad Street, 3rd Floor
      New York, New York 10004
      (212) 683-7100
      File: CHC-2012-7

TO:

    CRAIG CARSON, ESQ.
    *Attorneys for Plaintiff*
    95 Wyndshire Lane
    Rochester, New York 14626

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                                           ) ss.:
COUNTY OF NEW YORK )

The undersigned being duly sworn, deposes and says that she is not a party to this action, is over the age of 18 years and resides in the County of Kings. That on the 30th day of April, 2012, she served the within **DEFENDANTS, COACH USA TOUR INC. AND TWIN AMERICA, LLC'S, FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** upon:

CRAIG CARSON, ESQ.
*Attorneys for Plaintiff*
95 Wyndshire Lane
Rochester, New York 14626

by depositing a true copy of same securely enclosed in a post paid wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

_____
Claudette Fraser

Sworn to before me this
30th day of April, 2012

_____
Notary Public

Daniel Mevorach
Notary Public, State of New York
No. 02ME6163187
Qualified in Nassau County
Commission Expires March 19, 20 15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          Civil Action No.: 12 CV 2854

---

CHARLOTTE THOMAS,

                          Plaintiff,

- against -

COACH USA TOUR INC. and
TWIN AMERICA, LLC.,

                          Defendants.

---

**DEFENDANTS, COACH USA TOUR INC. AND TWIN AMERICA, LLC'S,
FIRST SET OF INTERROGATORIES AND
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**

---

GALLO VITUCCI KLAR LLP
*Attorneys for Defendants*
*COACH USA TOUR INC. and TWIN AMERICA, LLC.*
90 Broad Street, 3rd Floor
New York, New York 10004
Tel: (212) 683-7100
Fax: (212) 683-5555
File No.: CHC-2012-7